**Ex parte Jimmy HOWLETT.**

**No. 11–95–015–CR.**

Court of Appeals of Texas,
Eastland.

June 22, 1995.

Discretionary Review Refused
Aug. 23, 1995.

Ed Paynter, Abilene, for appellant.

James Eidson, Crim. Dist. Atty., Abilene, Nelda Williams, Abilene, for appellee.

ARNOT, Chief Justice.

This is an appeal pursuant to TEX. R.APP.P. 44 from the denial of a writ of habeas corpus. The issue on appeal is when

does the statute of limitations commence to run for the offense of criminal mischief by the unauthorized diversion of natural gas:[1] at the time the unauthorized tap is first installed or at a later date when it causes pecuniary loss to the owner. We hold that, under the facts of the present case, the offense is a "continuing" offense that is still being committed as long as the tap is installed and gas is being diverted, causing loss to the owner.

Appellant has been indicted for criminal mischief, a third degree felony.[2] The indictment alleges that on or about August 5, 1993, appellant diverted without effective consent gas service to a residence. Appellant alleged in his application for writ of habeas corpus that the statute of limitations had run and that the prosecution was barred. Appellant based his argument on the fact that "the offense occurred, if it did occur, sometime around the year 1985 or prior thereto and certainly well outside the three (3) year statute of limitations." After a hearing, the trial court denied the application. We affirm.

It is undisputed that, on August 12, 1993, while working on a gas line, a Lone Star Gas Company employee discovered an unauthorized valve and some tubing going in the direction of appellant's home. Gas was flowing out of the line and into the valve. It was also undisputed that appellant's ex-wife had reported to an Abilene police officer that appellant placed the tap on the line in 1985.

At the time in question, Section 28.03(a)(2) provided that:

A person commits an offense if, without the effective consent of the owner he intentionally or knowingly tampers with the tangible property of the owner *and* causes pecuniary loss or substantial inconvenience to the owner or a third person. (Emphasis added)

Appellant argued in his application for habeas corpus and argues now on appeal that, under a clear reading of Section 28.03(a)(2), the offense occurred, if it occurred at all, in 1985 when the undisputed testimony established that the tap was installed. Therefore, under TEX.CODE CRIM.PRO.ANN. art. 12.01(5) (Vernon Supp.1995), appellant argues that the statute of limitations ran in 1988, three years later. The State responds that the offense under Section 28.03(a)(2) is a "continuing" offense and that, as long as the tap was in place and the owner suffered pecuniary loss, the criminal mischief continued to occur. Under the State's argument, the offense continued to occur until 1993 when the tap was removed, and the statute of limitations would not begin to run until the date alleged in the indictment, August 5, 1993.

We disagree with appellant's position that the offense was completed at the installation of the unauthorized tap. We hold that Section 28.03(a)(2) defined a continuous type of offense, the elements of which were knowingly or intentionally tampering with the line and causing pecuniary loss to the owner. In the present case, the offense continued to occur after the installation of the tap in 1985 as long as gas continued to flow from Lone Star's line through the unauthorized valve. Limitations should be calculated from the August 5, 1993, date alleged in the indictment. Appellant's sole point of error is overruled.

The order of the trial court is affirmed.

McCLOUD, C.J., Retired, Court of Appeals, Eastland, sitting by assignment pursuant to TEX.GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

WRIGHT, J., not participating.

---

1. TEX.PENAL CODE § 28.03(a)(2) (1989) defines the offense. Section 28.03 was completely rewritten in 1993. TEX.PENAL CODE ANN. § 28.03 (Vernon 1994). The changes became effective September 1, 1994, and do not effect the present case.

2. TEX.PENAL CODE § 28.03(b)(4)(B) (1989) provided that the offense was a third degree felony if:
   [R]egardless of the amount of pecuniary loss, the actor ... diverts, or causes to be diverted in whole, in part, or in any manner, including installation or removal of any devise for such purpose, any ... gas ... supply.